IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

HUGH JAMES ASHFORD, :
    Plaintiff :
: No. 1:17-cv-02406
    v. :
: (Judge Rambo)
PAROLE BOARD, et al., :
    Defendants :

# MEMORANDUM

## I. BACKGROUND

Plaintiff Hugh James Ahsford, an inmate currently confined at the State Correctional Institution – Camp Hill, Pennsylvania ("SCI-Camp Hill"), filed this civil action pursuant to 42 U.S.C. § 1983 on December 28, 2017. (Doc. No. 1.) The Defendants named in the complaint are the Parole Board and SCI-Camp Hill. (Id.) Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), the Court will perform its mandatory screening of the complaint.

Plaintiff alleges that he is being illegally detained at SCI-Camp Hill despite having been paroled on June 5, 2017. (Doc. No. 1 at 3.) Plaintiff alleges that he has not been released from SCI-Camp Hill because there was a detainer lodged against him from a magistrate judge from Lancaster, Pennsylvania. (Id.) Plaintiff requests that this Court order his release from custody, as well as award him monetary damages. (Id. at 13.)

## II. LEGAL STANDARD

Under 28 U.S.C. § 1915A, the Court is obligated, prior to service of process, to screen a civil complaint in which a prisoner is seeking redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a); James v. Pa. Dep't of Corr., 230 F. App'x 195, 197 (3d Cir. 2007). The Court must dismiss the complaint if it fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1); Mitchell v. Dodrill, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010). In performing this mandatory screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Mitchell, 696 F. Supp. 2d at 471.

When ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept as true all factual allegations in the complaint and all reasonable inferences that can be drawn from them, viewed in the light most favorable to the plaintiff. See In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010). The Court's inquiry is guided by the standards of Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009). Under Twombly and Iqbal, pleading requirements have shifted to a "more heightened form of pleading." See Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). To prevent dismissal, all civil complaints must set out "sufficient factual matter" to show that the claim is facially plausible. Id. The plausibility standard requires more than a

mere possibility that the defendant is liable for the alleged misconduct. As the Supreme Court instructed in Iqbal, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).

Accordingly, to determine the sufficiency of a complaint under Twombly and Iqbal, the United States Court of Appeals for the Third Circuit has identified the following steps a district court must take when determining the sufficiency of a complaint under Rule 12(b)(6): (1) identify the elements a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief." See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (citation and quotation marks omitted).

In ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim, "a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)). A court may also consider "any 'matters

3

incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case.'" Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006) (quoting 5B Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 (3d Ed. 2004)).

In conducting its screening review of a complaint, the court must be mindful that a document filed pro se is "to be liberally construed." Estelle v. Gamble, 429 U.S. 97, 106 (1976). A pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

### III. SECTION 1983 STANDARD

In order to state a viable § 1983 claim, the plaintiff must plead two essential elements: 1) that the conduct complained of was committed by a person acting under color of state law, and 2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Natale v. Camden Cty. Corr. Facility, 318 F.3d 575, 580-81 (3d Cir. 2003). Further, § 1983 is not a source of substantive rights. Rather, it is a means to

redress violations of federal law by state actors. Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002).

IV. **DISCUSSION**

Plaintiff appears to be attacking the duration of his current Pennsylvania state incarceration. (Doc. No. 1 at 3.) Inmates challenging the duration of their confinement or seeking earlier or speedier release must assert such claims in a properly filed habeas corpus petition. Preiser v. Rodriguez, 411 U.S. 475 (1975); Telford v. Hepting, 990 F.2d 745, 748 (3d Cir. 1993), cert. denied 510 U.S. 920 (1993). Federal habeas corpus review is the appropriate remedy when "the deprivation of rights is such that it necessarily impacts the fact or length of detention." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002); see also Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005) (providing that federal habeas corpus review allows a prisoner "to challenge the 'execution' of his sentence.").

Likewise, a civil rights claim for declaratory relief "based on allegations . . . that necessarily imply the invalidity of the punishment imposed, is not cognizable" in a § 1983 civil rights action. Edwards v. Balisok, 520 U.S. 641, 646 (1997); Georgevich v. Strauss, 772 F.2d 1078, 1086 (3d Cir. 1985) (civil rights claims seeking release from confinement sound in habeas corpus). Consequently, to the extent that Plaintiff is seeking his release from imprisonment or challenging the

5

length of his confinement, such requests for relief are not properly asserted in a civil rights complaint.  See George v. Pa. Bd. of Prob. & Parole, Civ. No. 14-25, 2014 WL 1653212, at *2 (M.D. Pa. Apr. 24, 2014).

With regards to Plaintiff's claim for monetary damages, the United States Supreme Court in Heck v. Humphrey, 512 U.S. 477 (1994), ruled that a constitutional cause of action for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," until the plaintiff proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."  Id. at 486-87.

Based on the nature of Plaintiff's allegations, a finding in his favor would imply the invalidity of his ongoing state confinement.  There is no indication that Plaintiff has successfully challenged his alleged improper detention.  Consequently, this claim is Heck-barred.

Moreover, Plaintiff has named the Parole Board and SCI-Camp Hill as Defendants to this action.  (Doc. No. 1.)  However, these entities are not subject to suit under 42 U.S.C. § 1983 and will be dismissed with prejudice pursuant to the screening provisions of the PLRA.  See Smith v. Samuels, Civ. No. 12-524, 2013

WL 5176742, at *4 (M.D. Pa. Sept. 12, 2013) ("Courts have repeatedly recognized that a prison or correctional facility is not a person for purposes of civil rights liability.") Will v. Michigan Dep't of State Police, 491 U.S 58, 64 (1989) (holding that a State is not a "person[]" under § 1983); Thompson v. Burke, 556 F.2d 231, 232 (3d Cir. 1977) (concluding that Pennsylvania's Board of Probation and Parole could not be sued because "it is not a 'person' within the meaning of section 1983."); see also Lavia v. Pa. Dep't of Corr., 224 F.3d 190, 195 (3d Cir. 2000); Beattie v. Dep't of Corr. SCI-Mahanoy, Civ. No. 08-00622, 2009 WL 533051, at *6 (M.D. Pa. Mar. 3, 2009); Davis v. Pa. Bd. of Prob. & Parole, Civ. No. 05-330J, 2006 WL 3308440, at *5 (W.D. Pa. Oct. 13, 2006).

## V. CONCLUSION

Given that Plaintiff's allegations appear to challenge the duration of his ongoing state imprisonment, they are more appropriate for federal habeas corpus review and not properly asserted in a civil rights action. Plaintiff's civil rights complaint will be dismissed. Plaintiff will not be permitted to file an amended complaint because any amendment would be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 106 (3d Cir. 2002). An appropriate order follows.

    s/Sylvia H. Rambo
    SYLVIA H. RAMBO
    United States District Judge

Dated: February 14, 2018